**The O'Hanlon Law Firm, P.C.**
BY:  Stephen T. O'Hanlon, Esquire
2 Penn Center, Suite 1850
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonlawfirm.com
Attorney for Plaintiff

| | |
|---|---|
| PETER DE LIBERTY, | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| v. | CIVIL ACTION |
| CHARLES T. HALL, JR., | CAMDEN VICINAGE |
| **and** | |
| CRST EXPEDITED, INC., | |
| Defendants | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Peter De Liberty, (hereinafter, "Plaintiff"), by and through his undersigned counsel, The O'Hanlon Law Firm, P.C., hereby demands a jury trial and complains against the above captioned defendants as follows:

### Statement of Claim and Jurisdiction

1.   This is an action for monetary damages based upon the common law of the State of New Jersey under theories of negligence and negligence *per se* against individual Defendant, Charles T. Hall, Jr. (hereinafter, "Defendant Hall"), and his employer CRST Expedited, Inc. (hereinafter, "Defendant CRST").  Jurisdiction is pursuant 28 USC § 1332 since the amount at issue is in excess of $75,000 and the parties are citizens of different states.

1

2. Plaintiff has initiated this action to redress his permanent physical injuries and monetary damages that resulted from a motor vehicle/commercial trucking accident that took place in Burlington County, New Jersey.

3. Ice and snow fell from Defendants' tractor trailer, causing Plaintiff's windshield to shatter and resulting in permanent injury to Plaintiff's eye.

4. The fact that masses of snow and ice were allowed to accumulate on Defendants' truck and the truck was driven in such a state means that Defendants were negligent and fell blow the appropriate standard of care. Moreover, Defendants also failed comply with, *inter alia*, New Jersey Safe Operation of Motor Vehicles laws, New Jersey Laws and Statues for Rules of the Road, and Federal Motor Carrier Safety Regulations as prescribed by the U.S. Department of Transportation - Federal Motor Carrier Safety Administration. These statutes and regulations are applicable to Defendants. As a result of Defendants' *per se* negligent non-compliance with said laws as well as Defendants' generally negligent actions, Plaintiff seeks damages as set forth herein.

**Parties**

5. Plaintiff is an adult individual, a citizen of the State of New Jersey, who resides in West Deptford, New Jersey.

6. Defendant Hall was the operator of the CRST Expedited Tractor Trailer at all times and dates relevant to the underlying accident. Defendant Hall is an employee and operates out of Defendant CRST premises at 3750 16th Avenue SW, Cedar Rapids, Iowa 52404.

7. Defendant, CRST Expedited, Inc., is an Iowa corporation having an address of 3750 16th Avenue SW, Cedar Rapids, Iowa 52404. Defendant CRST was the registered owner

of the Volvo Tractor Trailer, 2011 Model, VIN # 4V4NC9EH4BN529171, at all times and dates relevant to the present action. Cameron Holzer is the president of said corporation for the purposes of summons.

### Facts

8. Plaintiff was the driver and sole occupant of his motor vehicle, a Nissan Sedan, Vin # JN8AZ08W26W550121 and was heading southbound on Interstate 295, in the left-hand lane, at M. P. 51.5, Florence Township, Burlington County, New Jersey on January 27, 2011.

9. Defendant Hall was the operator of the prior-identified Commercial Tractor Trailer for and on behalf of Defendant CRST, and was heading southbound on Interstate 295, in the middle lane, at M.P. 51.5, Florence ,Township, Burlington County, New Jersey, on January 27, 2011.

10. Due the winter temperatures and inclement weather conditions, heavy accumulations of snow and ice were present on the top and sides on the Defendants' Commercial Tractor Trailer and due to the excessive speed of travel by Defendant Hall and Defendants' failure to remove and clear this dangerous condition, chunks of snow and ice struck and broke the windshield of the Plaintiff's vehicle.

11. Upon impact, Plaintiff felt pain to his eyes due to the shattering shreds of the windshield striking his face and eyes.

12. Defendant Hall admitted full responsibility for his negligence to New Jersey State Police Office Trooper S. Stone Badge # 6871 and Defendant Hall stated to Trooper Stone that he had just picked up the trailer at a Bordentown, New Jersey repair facility.

13.     In his New Jersey Police Crash Investigation report- #11-76-A, New Jersey State Police Trooper S. Stone states that the snow and ice became dislodged from the tractor trailer of Defendants' vehicle "and that it struck the car and windshield" of the Plaintiff causing the physical injuries to the plaintiff.

14.     Plaintiff obtained emergency medical care for the physical injury sustained to his eyes.

15.     Plaintiff has experienced and continues to experience a permanent burning sensation to his eyes, bloodshot eyes, and a watery discharge from his eyes.  Plaintiff continues to see halos, experience loss of vision, and suffers migraine headaches all due to the negligent incident of January 27, 2011.  This has negatively affected Plaintiff's professional and leisure activities.

16.     Plaintiff sought medical care from Dr. Leon M. Mielcarek, Jr., due to the injuries sustained to his eyes and Plaintiff was diagnosed with, *inter alia*, dacryocystitis of the right eye and dry eye.

17.     Plaintiff sought follow up medical care from Dr. Richard S. Brenner.  Dr. Brenner also noted the presence of dry effects on each cornea, with more noticeable damage to the right cornea, present on October 23, 2012.

18.     Plaintiff continues to seek the care and treatment of Dr. Jerome Sherman.  Dr. Sherman observed and diagnosed the continued presence of fluid in the right eye and the condition known as "traumatic maculopathy" to the right eye due to the injury of January 27, 2011.

19. Plaintiff suffers and continues to suffer from permanent damage to his right eye and cornea that will require future medical care and intervention.

## Causes of Action

### COUNT ONE:  NEGLIGENCE AND NEGLIGENCE *PER SE* AGAINST DEFENDANT HALL AND DEFENDANT CRST

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth herein.

21. Plaintiff did not in any manner contribute to the underlying accident and thus cannot be found to be a negligent party.

22. Defendant Hall was negligent and responsible for the failure to properly clean and maintain the tractor trailer and for failing to check for and remove ice and snow during the winter season, a known dangerous condition.

23. Defendant Hall is liable and responsible for Plaintiff's permanent injuries due to his failure to adhere to, *inter alia*, the New Jersey Highway Safety Rules, New Jersey Rules of the Road for Commercial Vehicles, and Federal Motor Carrier Safety Regulations.

24. Defendant CRST is vicariously liable for Defendant Hall's negligence and *per se* negligence because Defendant CRST failed to properly train and supervise Defendant Hall in the safe operation of Defendant CRST's commercial tractor trailer.   Defendant CRST is, therefore, responsible for Plaintiff's permanent injuries.

## Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

b. Award costs of this action to Plaintiff;

c. Award reasonable attorney fees and costs to the Plaintiff;

d. Award punitive damages to Plaintiff; and

d. Award such other and further relief as this Court may deem appropriate.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial.

                                               **The O'Hanlon Law Firm, P.C.**

                                               _____
                                               STEPHEN T. O'HANLON, ESQUIRE

DATE:  AS OF FILING

The O'Hanlon Law Firm, P.C.
BY:  Stephen O'Hanlon, Esquire
2 Penn Center Plaza, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: 267.546.9066
Fax: 215.567.1998
steve@ohanlonlawfirm.com
Attorney for Plaintiff